|1PER CURIAM.
The application is granted.
At the July 28,1994 hearing, Drs. Kenneth Ritter and Ignatius Medina opined that defendant had a “mental problem” caused by organic brain damage. They diagnosed “organic personality syndrome” accompanied by “habitual cocaine use, mental retardation, antisocial, and dependent features of a personality disorder.”
Dr. Dennis Franklin disagreed, based solely on defendant’s medical records, but suggested that defendant undergo a neurological examination, which the trial court refused.
This court remanded the case for a reopened hearing, ordering the trial court to provide Dr. Franklin an opportunity to examine defendant and to report at the hearing. The order also allowed the trial court to appoint a fourth expert to resolve “any remaining conflicts in the diagnosis.”
At the reopened hearing, Dr. Franklin was ill, but Dr. Sarah Deland, who had taken over his caseload, testified that defendant was not mentally ill.
The trial court did not resolve the conflict in medical evidence as to defendant’s mental illness, a necessary condition under Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992) (along with being a danger to himself or others) for continued confinement. The court simply found that defendant “pose[d] a danger to himself |2and/or others,” and denied relief.
The case is remanded to the district court to consider all evidence on mental illness that was presented at the July 28, 1994 and November 24,1994, and any other evidence that the trial judge deems appropriate at a reopened hearing, and to resolve the conflicting evidence on whether the defendant is mentally ill. If the state fails to prove by clear and convincing evidence that the defendant is mentally ill, as well as dangerous, then the defendant must be released. Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992).
VICTORY, J., not on panel.